512 A.2d 1211

**Laura E. WINTERS, Appellant,**

v.

**Christopher L. WINTERS.**

Superior Court of Pennsylvania.

Argued Feb. 27, 1986.

Filed July 7, 1986.

66

Warren R. Baldys, Jr., Williamsport, for appellant.

T. Max Hall, Williamsport, for appellee.

Before CAVANAUGH, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

Appellant/wife filed a complaint for divorce in 1981, but the parties continued to live together until 1983. A master's hearing was held and a report filed on May 25, 1984, to which exceptions were filed. The exceptions were denied and the court entered an Order adopting the master's recommendations that 55 per cent of the marital assets be given to appellant and 45 per cent to appellee/husband. Appellee was also to pay rehabilatative alimony in the amount of $125 per week for 48 months; both parties were to pay their own counsel fees.

A final divorce decree was entered on April 17, 1985 and this appeal followed. Appellant challenges the equitable distribution of property, the amount of alimony awarded and the denial of counsel fees.

The facts indicate the parties married in 1967 and have two teenage children, a boy residing at a prep school and a girl living with appellant in a rented house.

The appellant, forty years of age, was a homemaker during most of the marriage. She has some job skills acquired through volunteer and clerical work, but at the time of the master's hearing, was unemployed.

The appellee is forty-four years of age, has a college degree and is currently chief executive officer of a company, earning $49,400 per year. Substantial assets were also acquired through inheritance. Appellee has continued to reside in the marital residence since the parties separated in 1983.

The first matter we address is the contention that the court made an improper determination in establishing the date of valuation of an inheritance.

Appellee acquired a trust inheritance from his father's estate and the court agreed with the master's determination that the appellee had no control over the change in value of the trust, and the marital portion, under 23 P.S. § 401(e)(3), was the amount of appreciation in value from the time of estate distribution until the date of the hearing.

The appellant maintains the marital portion should be the increase in value from the time of the father's death until the date the parties separated. Alternatively, it is argued that appellant's evidence was more probative in establishing that the value of the trust on the hearing date was the same as at the time of separation and the court erred in relying on appellee's evidence. The relevant dates and values as found by the court are as follows:

| | | |
|---|---|---|
| a. | value at death of father | $142,901.51 |
| b. | value at distribution | $162,230.22 |
| c. | value at separation | $204,181.03 |
| d. | value at hearing | $173,312.93 [1] |

It is apparent that under appellant's theories the marital property, subject to distribution, would be either (c-a) $61,-279.52 or (c-b) $41,950.81 while reliance on appellees hearing date valuation results in marital property of (d-b) $11,-082.71.

The court based the value at the hearing on appellees testimony finding it to be $173,312.93 (see footnote 1). The increase in value of $11,082.71 was deduced by comparing the value at distribution of the estate with that at the time of the master's hearing. There are two aspects to this consideration. The first has to do with determining when, in fact, the inheritance passed into the husband's hands to be considered for purposes of increase in value; the second is the date at which value was set for equitable distribution purposes.

■ In reaching this determination, the court initially held the interest earned during the pendency of the estate pro-

1. A typographical error in the trial court Opinion incorrectly stated the value at the time of the Master's hearing to be $173,812.93.

ceedings was non-marital in nature because the trust was a non-marital asset until acquired by the husband at distribution. Thus the date was established, for determining when the inheritance became subject to increased value consideration under 23 P.S. § 401(e)(3), as the date of distribution of the inheritance to the husband. The court went on to find the depreciation between the time of separation and the time of the hearing was not the result of actions by either of the parties and recognition of the most current value would produce a more equitable result.[2] In doing so, it determined, for equitable distribution purposes, that the proper date for establishing value was the date of hearing on the distribution of marital property.

■ Our scope of review of an Order determining equitable distribution of marital property allows us to reverse the lower court only if we find an abuse of discretion. *Sergi v. Sergi*, 351 Pa.Super. 588, 506 A.2d 928 (1986); *Semasek v. Semasek*, 331 Pa.Super. 1, 479 A.2d 1047 (1984); *aff'd in part, rev'd on other grounds*, 509 Pa. 282, 502 A.2d 109 (1985).

■ In this instance, under the abuse of discretion standard, we find the court acted properly. The question of which date is appropriate for valuation purposes is thoroughly discussed in our recent Opinion in *Sergi, supra*. We follow the analysis put forth in that decision in determining that a specific benchmark for valuation is not established in the Divorce Code (23 P.S. §§ 101 to 801) (contrary to the date of ascertaining acquisition) and it is appropriate for the trial court to select the date which best serves to provide for economic justice between the parties. *See* 23 P.S. § 102(a)(6). "To recognize a specific valuation date as a matter of law would deprive the trial court of the necessary

2. In her brief, appellant/wife argues that the value of $173,312.93 assigned to the trust as of the hearing date actually relates to the value at the date of the filing of the divorce complaint in 1981 (see appellant brief p. 28). As appellant did not object to the figure at the time of the hearing (N.T. 1/16/84 pp. 152–153) or later in her exceptions to the master's findings, (Record # 11) and because we are not permitted to go behind the record, we find the issue to have been waived and we accept the finding of the trial court.

discretion required to effectuate economic justice." *Sergi, supra* 351 Pa.Super. at 594, 506 A.2d at 932.[3]

■ Finding that the trial court did not abuse its discretion in determining the value of the trust at the time of the hearing nor in establishing the dates (acquisition date and value date) for valuation purposes, we reject appellant's arguments and affirm the lower court's findings as to those issues.

■ The second issue raised relates to an inheritance in the form of securities and cash which appellee received from his grandmother four months before the divorce action was instituted. Appellee invested this inheritance in holdings referred to as the Thompson McKinnon Fund, in his name alone. The value of the fund was less at the time of the master's hearing than at the time of distribution, by the estate, thus the master concluded there was no marital property in the form of increase in value under 23 P.S. § 401(e)(3).

The appellant asserts the exchange destroys the identity of the property and removes it from statutory exclusion as marital property. In support of this, appellant contrasts 23 P.S. § 401(e)(1) and § 401(e)(3) which provide:

§ 401(e) For purposes of this chapter only, "marital property" means all property acquired by either party during the marriage except:

(1) Property acquired in exchange for property acquired prior to the marriage except for the increase in value during the marriage.

·    ·    ·    ·    ·

3. In a Concurring Opinion, Wieand, J. would establish the date of valuation of marital property to be the date of separation, absent extraordinary circumstances. We do not agree. Valuation of property lies on a continuum so that equity requires a determination of the most fair point on that continuum to establish value. Property acquisition is a point in time which has clearly been designated to end, for marital purposes, at the time of separation. While it may be argued that value may be increased, as in a stock portfolio by further acquisitions and or purchases, as opposed to increase due to market and economic factors, so long as the acquisitions were represented by spinoff from the principle fund, it should be treated as increase in value.

(3) Property acquired by gift, bequest, devise or descent except for the increase in value during the marriage.

In comparing the two sections of the statute, appellant contends that because section 401(e)(3) does not contain a provision excepting property acquired in exchange for property acquired by "gift, bequest ..." it indicates a desire to make such property marital and subject to division. We do not agree.

The court, in confirming the master's finding, looked to the need for consistency in the statute and concluded that only an increase in value of such property is included as marital property and an exchange does not destroy the character of the gift or inheritance.

We support this reasoning, basing our interpretation on an overall reading of the statute. We find no basis for holding that a change of form alters the nature of the inheritance, especially when the exchange took place shortly after receipt of the inheritance and four months before the divorce action was filed.

This is a rational and necessary conclusion in the interpretation of these sections. In providing for the exchange factor in section 401(e)(1), the legislature made clear that prior owned property did not lose its character by an exchange for other property during the marriage. It could easily be argued otherwise that under section 401(e) and (f) it could be construed marital property since this would be the first instance when activity concerning vesting or ownership occurred during the marriage.

The significant difference between the two is that prior owned property came into possession of the acquiring spouse before the marriage, whereas the gifts and devise came into possession subsequent to marriage, and unlike other property acquisitions, were specifically excluded. In section 401(e)(1), the legislature needed to make clear prior owned property did not change its character by changing its form during the marriage. In section 401(e)(3), the character of the property was established as separate property

during the marriage and there was no need to clarify the fact that a subsequent change of form did not alter its character.

Pennsylvania, not being a community property state, retains the separate property concepts derived from common law. We, in addition, have rejected the "inception of title", "source of funds" and "transmutation of property" theories which permit no change in the character of property separately acquired, regardless of contribution by the other party (inception of title—source of funds) or transforms ownership of separate property into community property if there is the slightest commingling of property (transmutation). *Anthony v. Anthony*, 355 Pa.Super. 589, 514 A.2d 91 (1986).

The court thus acted properly in finding no marital property existed where there was a decrease in value following distribution.

■ The appellant next argues that appellee should be denied credit for the pre-marital value of a securities account which was changed and increased during the marriage because the original assets had been sold and appellee failed to trace the pre-marital property into particular assets on hand. Had the appellee been able to clearly trace this property throughout the years of marriage and the transferring of the funds from stock to stock without adding or subtracting from the marital fund, only the increase in value would be considered for distribution. The difficulty here is that when such funds move in and out of marital accounts, it becomes impossible to determine those amounts that become dedicated to the marital use, and those amounts taken from the marital estate to be used for the individual purpose.

We again find no abuse of discretion in the court's disposition of this matter. The master found the entire account to be a marital asset but allowed appellee a credit based on his pre-marital contribution. The amount of the credit was properly based on appellee's uncontested testimony.

In providing a credit, the court was not making a ruling as to the status of the account as marital property, rather it was making a determination under 23 P.S. § 401(d) as part of its distribution of property. Specifically, section 401(d)(7) lists as a contributing factor, "[t]he contribution ... of each party in the acquisition ... of the marital property...." It is within the discretion of the court to credit an amount to one of the parties and take such credit into consideration when dividing the marital property. It was in this manner that the court properly adopted the master's findings. It appears to be the most equitable means of resolving an insolvable accounting matter.

The remaining issues raised challenge the adequacy of awarding 55 per cent of the marital property to appellant along with $125 per week alimony and the denial of counsel fees.

Upon review, we find all of the relevant factors in 23 P.S. § 401(d), as to marital property, and those in 23 P.S. § 501, relating to alimony, were properly considered. We find no abuse of discretion by the court in reaching its decision on these matters and the counsel fees. The decree of the lower court is hereby affirmed.

Decree affirmed.