## Silver v. Silver

*Lawrence Sager*, for plaintiff.
*Diane M. Zubrowski*, for defendant.

LOWE, *J.*, June 25, 1987—Sara Jane Silver filed a complaint in divorce on March 5, 1986. A master in equitable distribution hearing convened October 22, 1986 and a recommendation was filed November 12, 1986 granting wife sole possession and ownership of the real property. Defendant filed exceptions on December 1, 1986. A hearing de novo commenced before the undersigned on March 12, 1987. By order of April 16, 1987, this court found that the increase in value of the marital residence owned by Sara Jane Silver constituted marital property. Mrs. Silver was awarded the sole possession of the real property upon her payment to Mr. Silver of $2,055 representing his share of marital property equity. Defendant Robert Silver appeals this order to the Superior Court of Pennsylvania.

The first issue this court addresses is the contention that the court improperly established the date of valuation of Mrs. Silver's real estate. Plaintiff Sara Jane Silver purchased the residential property for $30,700 prior to her marriage to defendant. The property was titled in her name throughout the marriage. On July 1, 1981, the date of separation, the property was valued at $59,000. This court determined that the increase in value from sale of purchase to date of separation constituted marital property. Defendant maintains that the marital portion

should be the increase in value from the date of the marriage to the date of the equitable distribution hearing in April, 1986.

The decision of this court regarding equitable distribution should not be reversed absent an abuse of discretion. *Brown v. Brown*, 352 Pa. Super. 267, 507 A.2d 1223 (1986); *Sergi v. Sergi*, 351 Pa. Super. 588, 506 A.2d 928 (1986); *Semasek v. Semasek*, 331 Pa. Super. 1, 479 A.2d 1047 (1984). An "abuse of discretion is only found upon a showing of clear and convincing evidence . . . that the trial court failed to follow proper legal procedure or misapplied the law." *Braderman v. Braderman*, 339 Pa. Super. 185, 190, 488 A.2d 613, 615 (1985). Defendant has offered no evidence to establish an abuse of discretion. On the contrary, this court's decision was clearly within the parameters of the legislative intent and case precedent.

The Pennsylvania Divorce Code (April 2, 1980, No. 26, 23 P.S. §101 et seq.) fails to provide a specific benchmark for the valuation of marital property, and allows leeway in selecting a valuation date for the increase of marital property. *Sergi,* supra; *Winters v. Winters*, 355 Pa. Super. 64, 512 A.2d 1211 (1986). "Thus, it is appropriate for the trial court to select the date which best serves to provide for economic justice between the parties." *Winters,* supra; *Morschhauser v. Morschhauser*, 359 Pa. Super. 339, 516 A.2d 10 (1986).

The singular intent of the division of marital property in a divorce proceeding is to compensate parties for property acquired *during* the marriage. *Birkel v. Birkel*, 131 P.L.J. 102 (1983). This court sees little logic compensating one party at a much later date when he or she no longer resides in the house nor contributes to its maintenance. In the instant case, the court has been more than generous to Mr. Silver

concerning the division of marital property in light of the facts surrounding this marriage.

Mrs. Silver purchased the house using her own funds with the exception of approximately $500 provided by defendant. Conflicting evidence was presented by the parties concerning the dollar amounts contributed by the parties for home improvements. Mr. Silver alleged that he had paid cash for numerous improvements to the home during the marriage. However, Mrs. Silver, the more credible witness, contended that she had paid for the capital improvements to the home from her personal, premarital savings. Such improvements included new aluminum siding for the house.

This court found it difficult to accept Mr. Silver's allegations regarding home improvements. He admits to having been unemployed intermittently throughout the marriage. His testimony also indicates that, during the marriage, his lumber business failed causing him to incur substantial debts. It is inconceivable that Mr. Silver was able to contribute sums of money to improve the home when he admittedly suffered periods of financial instability throughout the marriage.

It is well settled that courts have discretion to select the date for valuation of marital property, with the courts applying either the date of separation or the date of the equitable distribution hearing depending on the facts of the case. After carefully reviewing the facts presented in this controversy, this court chose to identify the date of separation as the more appropriate date.

The Superior Court of Pennsylvania has endorsed the use of date of separation as the valuation date. See *Morschhauser v. Morschhauser,* supra; *Anthony v. Anthony,* 355 Pa. Super. 589, 514 A.2d 91 (1986). "Indeed, the date of separation has repeat-

edly been identified as the pivotal event, the end point of the period in which marital assets may be acquired." *Diamond v. Diamond,* 360 Pa. Super. 101, 519 A.2d 1012 (1987).

Here, the date of separation was chosen as the valuation date due to the financial burdens imposed upon Mrs. Silver prior to and following the date of separation. Mrs. Silver financed Mr. Silver's lumber business, and advanced all but $500 for the purchase of the marital residence prior to the couple's separation. Following the date of separation, she satisfied his substantial debts.

This court was provided an opportunity to observe the demeanor of plaintiff Mrs. Silver, and was impressed by her sincere and industrious character. On the contrary, Mr. Silver failed to impress this court with his history of financial instability and his shiftless nature. Following the separation, Mr. Silver established a successful business in Texas. He failed to contribute to any post-separation home improvement efforts. And yet, Mr. Silver seeks to share in one-half the increase in the inflated value of the marital residence that occurred *following* separation. Such a request violates the court's sense of propriety. Clearly, any increase in value after the separation in 1981 could not have been due to the efforts of Mr. Silver. It would be unfair to award defendant a portion of that increase under these circumstances.

Appellant next contends that the court erred when it subtracted the mortgage balance from the increased value of the marital residence. The home was purchased July 28, 1972 for $30,700. At the time of separation in 1981 the marital property was valued at $59,000 thereby resultng in a $28,300 increase in value. However, there remained at the time of separation a mortgage of over $18,000. Ac-

cordingly, the mortgage was subtracted from the increase in value of the marital property thereby resulting in a true increase of $10,300. To suggest that such a calculation is in error is unfounded. It would have been grossly unjust to require Mrs. Silver to divide the increase in value without taking into consideration the remaining mortgage.

In light of the foregoing, the determination of this court should not be disturbed on appeal.