J-A07028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CRAIG A. ZACHERL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TINA E. ZACHERL | |
| Appellee | No. 1524 WDA 2014 |

Appeal from the Decree September 8, 2014
In the Court of Common Pleas of Clarion County
Civil Division at No(s): 1505 CD 2009

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:　　　　　　　　　　**FILED JULY 13, 2015**

Craig A. Zacherl ("Husband") appeals from the final decree in divorce, entered September 8, 2014, relating to the equitable distribution of the marital property between Husband and Tina E. Zacherl ("Wife").  After our review, we affirm.

The parties were married on July 28, 2001, and they separated on September 8, 2009.  Husband filed for divorce on November 2, 2009.  The parties have three minor children.[1]  Wife subsequently filed a counterclaim, seeking a no-fault divorce, alimony, alimony *pendente lite*, counsel fees and costs.  A Divorce Master was appointed and, following a hearing on February

---

[1] Child custody issues are pending before the trial court in an ancillary proceeding.  Husband pays Wife monthly child support in the amount of $897.00.

20, 2014, the Master filed a report and recommendation. Both parties filed exceptions, and the Honorable Paul H. Millin issued an order that sustained in part both parties' exceptions.

Husband appealed, and he raises one issue for our review:

Did the trial court abuse its discretion and commit an error of law in its application of section 3501(a.1) of the Divorce Code (23 Pa.C.S.A. § 3501(a.1)) when it calculated a decrease in value of [Husband's] nonmarital real estate and failed to offset the full amount of the marital mortgage debts against the marital increase in value of the [Husband's] nonmarital real estate?

The trial court set forth the relevant facts as follows:

The former marital home located at 1153 Route 157, Venus, Washington Township, Clarion County, was owned by the Husband prior to the date of marriage. As of the date of marriage the marital home consisted of real estate with a mobile home, with an estimated market value of $147,900. Subsequent to the marriage, a house was constructed and the fair market value of the home and property at time of separation was $408,600. Therefore the increase in value was $260,700. The record reflects that the parties stipulated that the appraised increase in value of the marital home and real estate for purposes of distribution was $260,700. The parties further stipulated that the balance owed on the [F]irst United National Bank mortgage for the marital home as of the date of separation for purposes of distribution was $196,680.38. The parties further stipulated that the balance owed on the Citizens Bank mortgage on the marital home as of the date of separation for purposes of distribution was $113,070.06. Subtracting the indebtedness of $310,558.44 from the increase in value of $260,700 the master determined that the former marital real estate had equity of $-49,858.44.[2] This valuation was not

_____

[2] Fair market value of marital home at date of marriage -    $147,900.00
Fair market value of marital home/property at separation-    $408,600.00
Increase in value (parties stipulated)-    $260,700.00
Balance owed on two mortgages (parties stipulated) -    $310,558.44
Equity (negative) -    -$ 49,858.44

challenged by the husband at the time the husband filed exceptions to the master's report. It was the wife who excepted to the master utilizing the negative value of the marital residence to offset the value of marital property coming to the wife. One could argue that the full increase in value of the former marital residence of $260,700 should be utilized subject to the indebtedness being assumed by the husband subtracted separately, but the husband made no exception to the manner in which the master calculated that value. This court sustained the wife's exception to the master's report *only to change the finding of the master utilizing a negative value for the non-marital property, as the negative value may not be used to offset the value of other assets according to the statute*.

Trial Court Opinion, 10/21/14, at 3-4 (emphasis added).

The relevant statute, 23 Pa.C.S.A. § 3501(a.1) provides:

> **(a.1) Measuring and determining the increase in value of nonmarital property.** – The increase in value of any non-marital property acquired pursuant to subsection (a)(1) and (3) shall be measured from the date of marriage or later acquisition date to either the date of final separation or the date as close to the hearing on equitable distribution as possible, whichever date results in a lesser increase. **Any decrease in value of the non-marital property of a party shall be offset against any increase in value of the non-marital property of *that* party.** However, a decrease in value of the non-marital property of the party shall not be offset against any increase in value of the non-marital property of the other party or against any other marital property subject to equitable distribution.

23 Pa.C.S.A. § 3501(a.1) (emphasis added).

Here, the marital home was owned by Husband prior to the marriage.

The property, therefore, is nonmarital property. The increase in the value of

that nonmarital property during the marriage is marital property. ***See*** 23 Pa.C.S.A. § 3501(a)(1).[3]

After apportioning assets and debts, the Master found Husband had a net equity of $48,266.17, and Wife had a net equity of $15,562.64. Thus, the total equity was $63,828.81. Although both mortgages are marital debts, the Master assigned both mortgage debts to Husband, as well as the increase in value of the marital home.

Using a 50/50 distribution, the Master determined that each party should receive $31,914.40 ($63,282.81 ÷ 2). Because Wife's equity was less than one-third of Husband's, $15,562.64 as compared to $63,828.81, the Master recommended that Wife be entitled to an additional $16,351.76 to effect an equal distribution.

Wife filed exceptions to the Master's use of the negative value of the marital home to offset the value of the marital property coming to Wife. The trial court, in disposing of exceptions, agreed with Wife that the "decrease in value of the nonmarital property of the party shall not be offset against any increase in value of the nonmarital property of the *other* party or against any other marital property subject to equitable division." 23 Pa.C.S.A. § 3501(a.1). Since the decrease was in Husband's nonmarital property, as assigned by the Master, that decrease could not be offset against "any other

_____

[3] Wife's name was never added to the property deed.

marital property subject to equitable division." *Id*. It could only be offset against the increase in value of Husband's nonmarital property.

A trial court has broad discretion when fashioning an award of equitable distribution. *Dalrymple v. Kilishek*, 920 A.2d 1275, 1280 (Pa. Super. 2007). Our standard of review when assessing the propriety of an equitable distribution order is "whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure." *Smith v. Smith*, 904 A.2d 15, 19 (Pa. Super. 2006) (citation omitted). A finding of an abuse of discretion requires a showing of clear and convincing evidence. *Id*.

> This Court will not find an "abuse of discretion" unless the law has been "overridden or misapplied or the judgment exercised" was "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record." *Wang v. Feng*, 888 A.2d 882, 887 (Pa. Super. 2005). In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. *Id*. "[W]e measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." *Schenk v. Schenk*, 880 A.2d 633, 639 (Pa. Super. 2005) (citation omitted).

*Biese v. Biese*, 979 A.2d 892, 895 (Pa. Super. 2009). *See also Childress v. Bogosian*, 12 A.3d 448 (Pa. Super. 2011).

As the comment to subsection (a.1) explains, the offset language in the second sentence (highlighted above), "ensures that only the net increase in value of all of a party's nonmarital property is considered part of the marital estate." 23 Pa.C.S.A. § 3501 - Jt. St. Govt. Comm. Comment –

2004. To calculate the net increase in the value of nonmarital property, "the increases in value of a party's nonmarital assets are offset by the decreases in value of *that* party's nonmarital assets." ***Id***. (emphasis added). That is what the trial court did in this case.

We agree with Wife that in order to effect economic justice between the parties here, the court properly determined Wife should not be responsible for the mortgage debt associated with Husband's nonmarital property. 23 Pa.C.S.A. § 3502. This Court has noted that it is "within the trial court's discretion to credit marital expenses to one of the parties and take such credit into account when dividing marital property." ***Winters v. Winters***, [512 A.2d 1211, 1216 (Pa. Super. 1986). ***See also Biese***, ***supra*** (assigning half of credit card debt to wife was not required by master's goal of 50/50 split of the marital estate); ***Hicks v. Kubit***, 758 A.2d 202, 204 (Pa. Super. 2000) (debt characterization as "marital" is not necessarily determinative of which party is liable for its satisfaction).

Here, the Master attributed all of the increase in value of the property (marital asset) and all of the mortgage debt (marital debt) to Husband. The trial court, in granting Wife's exception, changed the negative equity in the home, - $49,858.44, to "0" in Wife's column, resulting in an additional distribution of $41,280.98 to Wife.[4] In doing so, the court relied on section

_____

[4] The court noted in its order, which amended the Master's Report, that assets available for distribution equaled $113,687.25, and that a 50/50
*(Footnote Continued Next Page)*

- 6 -

3501(a.1).  We agree that this was appropriate under the statute and within the court's discretion.  **See Biese**, **supra**; **Winters**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/15

---

*(Footnote Continued)* ————————————————

distribution resulted in $56,843.62 for each party.  Since Wife had already received a distribution of $15,562.64, she was due an additional $41,280.98.