507 A.2d 1223

**Norton K. BROWN, Appellant,**

v.

**C. Adrienne BROWN a/k/a C. Adrienne Pie Brown.**

Superior Court of Pennsylvania.

Argued April 17, 1985.

Filed Feb. 27, 1986.

Reargument Denied May 8, 1986.

John Orourke, Jr., Norristown, for appellant.

Jack A. Rounick, Norristown, for appellee.

Before WICKERSHAM, BECK and CERCONE, JJ.

WICKERSHAM, Judge:

This appeal presents an issue of first impression in the appellate courts of this Commonwealth: whether property held individually by one spouse prior to marriage and transferred during marriage to a tenancy by the entireties becomes marital property for purposes of equitable distribution.

The parties to this appeal were married on September 16, 1972 and separated in October, 1977. Appellee-wife filed a complaint in divorce, in response to which appellant-husband also filed a complaint in divorce. By stipulation, the

actions were consolidated, with husband proceeding as plaintiff. By Decree dated July 12, 1982 the parties were granted a divorce with the court reserving equitable distribution questions. A Special Master was appointed to take testimony and to make recommendations to the court below with regard to counsel fees, costs, and equitable distribution. Three hearings were held following which the Master filed his report. Exceptions were filed and, after argument, the court below entered an order dividing the principal asset consisting of a ten acre tract with two homes thereon as follows:

A. Until a sale and settlement of said property, Husband shall have the right to exclusive possession of same. Husband is required to pay the mortgage, insurance and other expenses and bring current the delinquent real estate taxes.

B. The said property shall be placed for sale at a price to be agreed upon by the parties within 45 days from the date of this Order. In the event the parties are unable to agree upon an offering price, the property shall be placed for sale at $158,000.00. Either party or a third party may purchase the property at the price agreeable to the parties, and if not so disposed of within 120 days, shall be thereafter sold at auction to the highest bidder.

C. The net proceeds from the sale shall be distributed as follows:

1. $75,000.00 to Wife

2. Remainder to be divided 50% to Wife and 50% to Husband

Order dated August 10, 1984 at 4.

From this order, husband appeals.[1]

1. Appellant states the questions involved as follows:
  1) Should the value of the real property at the time of marriage be set aside to the wife as separate, non-marital property?
  2) Does the Superior Court's holding in *Estep v. Estep* preclude a finding of a gift to the marital estate when property is transferred by deed to husband and wife as tenants by the entireties?
  3) Does a divorced spouse, holding property as a tenant in common, have a right to partition the property?

At the time of the parties' marriage, the wife owned the above tract of real estate which she had acquired in a previous divorce settlement. The deed was titled in her name only and the value of the real estate, as determined below, was $75,000.00 at the date of marriage. After the marriage, the wife transferred title to the real estate to herself and husband for valuable consideration, by a deed which was duly recorded.

The Special Master found that appellee had made a gift of the property to the marital estate and that the entire value of the residence was subject to equitable distribution. The court held *contra*, ruling that the transfer of title into joint names did not constitute a gift to the marital estate and, therefore, appellant was entitled to share only in the property's increase in value during the marriage. We agree with the Special Master, and accordingly, Reverse and Remand.

Generally, an abuse of discretion standard of review applies in cases concerning property distribution under the Divorce Code, 23 P.S. §§ 101–801. *Madden v. Madden*, 336 Pa.Super. 552, 486 A.2d 401 (1984) (allocatur denied); *Ruth v. Ruth*, 316 Pa.Super. 282, 462 A.2d 1351 (1983). Equitable distribution is within the discretion of the trial court and its decision will not be disturbed absent an abuse of discretion. *Kleinfelter v. Kleinfelter*, 317 Pa.Super. 282, 463 A.2d 1196 (1983); *Gee v. Gee*, 314 Pa.Super. 31, 460 A.2d 358 (1983). In reviewing property distribution cases, we must keep in mind that the master and the trial court were free to accept or reject the parties' testimony. *Madden v. Madden, supra; Gee v. Gee, supra.* At the same time, however, we have a responsibility to make a complete and independent review of the record. *Rorabaugh v. Rorabaugh*, 302 Pa.Su-

4) Do the present circumstances warrant a variance from a 50/50 division of the marital property?

5) Should the wife be entitled to the first $75,000.00 from the sale of property when both husband and wife stipulated that the fair market value of the property at the time of the marriage was $75,000.00 and the records clearly show that there was a prior mortgage on the property which has continued from before the marriage up until the present time?

Brief for Appellant at 5.

per. 1, 448 A.2d 64 (1982); *Rollman v. Rollman,* 280 Pa.Super. 344, 421 A.2d 755 (1980).

The Divorce Code of 1980, 23 P.S. § 401(d) allows the court to equitably divide or distribute marital property. 23 P.S. § 401(e) and (f) define and discuss the bounds of marital property:

(e) For purposes of this chapter only, "marital property" means all property acquired by either party during the marriage except:

\* \* \* \* \* \*

(3) Property acquired by gift, bequest, devise or descent except for the increase in value during the marriage.

\* \* \* \* \* \*

(f) All property, whether real or personal, acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (e).

23 P.S. § 401(e), (f). In applying the above provisions to the facts of the case at hand, we must keep in mind that the legislature has declared it to be the policy of the Commonwealth to: "Effectuate economic justice between parties who are divorced or separated ... and insure a fair and just determination and settlement of their property rights." 23 P.S. § 102(a)(6).

We are initially guided by the plain language of 23 P.S. § 401(f) which states that only property acquired during the marriage is deemed marital property. *A fortiori,* property acquired prior to the marriage is not marital property. In *Madden v. Madden, supra,* we found that property acquired during the marriage and placed in joint names, was a

gift to the marital unit (and the creation of an estate by the entireties is presumed).[2]

Instantly, appellee acquired the property in dispute prior to the marriage. If nothing further occurred, we would find the language of 23 P.S. § 401(e) controlling, and hence, appellant would be entitled to share only in the enhanced value of the property. 23 P.S. § 401(e)(3). During the marriage, however, appellee transferred her individually held interest in property to a tenancy by the entireties by a deed. Appellant contends that the conveyance of the real estate to a tenancy by the entireties, during the marriage, constituted a valid gift to the marital estate. We agree.[3]

2. We note that:
> the court's power to direct a partition of property is qualified by its duty to divide marital property in an equitable way. If the property is *not* marital property, the court may direct its partition. But if it *is* marital property, the court must instead, upon request of either party, direct its equitable division.

*Platek v. Platek*, 309 Pa.Super. 16, 24, 454 A.2d 1059, 1062–63 (1982). Prior to the enactment of the Divorce Code, determination of joint property rights was limited to an action in partition, *see Shoup v. Shoup*, 469 Pa. 165, 364 A.2d 1319 (1976). With the adoption of the Code, a husband and wife are entitled to an equitable distribution of the property of the marital unit.

3. In the instant case, delivery and acceptance of the real estate in question were clearly effected by means of a validly executed deed. (Record at 69a–71a). *See Wagner v. Wagner,* 466 Pa. 532, 353 A.2d 819 (1976). Mrs. Brown claims, however, that the crucial element of donative intent is missing because she changed her exclusive interest in the property into a tenancy by the entireties to be shared with the appellant solely to avoid inheritance taxes. (Record at 60a). Nonetheless, a tax planning motive for making a gift does not negate donative intent. As the Pennsylvania Supreme Court has stated: "[the] purpose [of a] transfer ... at the least cost in inheritance taxes ... is not inconsistent with a donative intent, but rather positively suggests such an intent." *Clay v. Keiser,* 460 Pa. 620, 626–27 n. 3, 334 A.2d 263, 266 n. 3 (1975); *See also Brown v. Brown,* 330 Pa.Super. 324, 332 n. 2, 479 A.2d 573, 566 n. 2 (1984).

Moreover, the record indicates that both parties understood that the consequence of the transfer would be a completed gift of an interest in the real estate to the appellant, and that this outcome reflected their wishes. As the attorney who prepared the deed testified:
> Q. Didn't you think there was an adverse interest when somebody is going to deed a property and deeding all their property and getting nothing in return?

"Where property or an account is placed in the names of a husband and wife, a gift, and the creation of an estate by the entireties is presumed even though the funds used to acquire the property or to establish the account were exclusively those of [one spouse]. . . ." *In re Holmes Estate*, 414 Pa. 403, 406, 200 A.2d 745, 747 (1964). The presumption of an estate by the entireties, and that a valid gift ensued therefrom, may be overcome by clear and convincing evidence to the contrary. *Id. See also* 23 P.S. § 401(f). Upon a careful review of the record, we find no clear and convincing evidence offered to overcome the presumption of a valid gift to the marital unit. We hold, therefore, that a gift was made to the marital unit when appellee conveyed her real estate to herself and her husband during the marriage.

■ "It is the function of this court to determine whether a property right has been acquired during marriage and whether equity warrants its inclusion in the marital estate." *Flynn v. Flynn*, 341 Pa.Super. 76, 82, 491 A.2d 156, 159 (1985). Having found the property herein a gift to the marital estate, the property is includable and is subject to equitable distribution.[4]

We reverse and remand to the lower court with instructions to modify the decree of equitable distribution and otherwise revise its calculations in accord with this opinion.

A. Not an adverse interest. *I explained there was going to be a gift at that time;* and that once it was put in joint names, it couldn't be brought back without the consent of both parties.

Q. ... You took the one asset the parties owned, either of the parties owned, transferred it to the joint names and did a will leaving it.

A. I did not recommend one way or the other. I explained both and *they both indicated to me that that's what they wanted to do.* I did not twist Adrienne's arm and I did not have any predirection from Bud asking me to do that. We discussed it when they were there.

(Record at 58a) (emphasis added) We find that the gift was for joint use. *See Semasek v. Semasek*, 509 Pa. 282, 502 A.2d 109 (1985).

4. In light of our Remand, we do not find it necessary to address the other issues raised by appellant.

274

The order is reversed. We remand for further proceedings consistent with this opinion. Jurisdiction is relinquished.