516 A.2d 10

**Alex MORSCHHAUSER, Appellant,**

v.

**Charlotte MORSCHHAUSER.**

**Alex MORSCHHAUSER**

v.

**Charlotte MORSCHHAUSER, Appellant.**

Superior Court of Pennsylvania.

Argued June 4, 1986.

Filed Aug. 28, 1986.

Reargument Denied Oct. 20, 1986.

Frank L. Kroto, Jr., Erie, for appellant No. 1579 and appellee No. 1580.

Donald W. Grieshober, Erie, for appellant No. 1580 and appellee No. 1579.

Before CIRILLO, President Judge, and TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

This is an appeal and cross appeal from a Decree providing for equitable distribution and awarding alimony. The parties were married in 1948 and separated in 1977. The action was bifurcated and a divorce Decree entered in 1982. Hearings were held by a master on the issues of equitable distribution, alimony and counsel fees. Exceptions were filed and ruled upon by the court at which time a final Order was entered. This appeal followed.

Both parties were born in 1925. The husband owns one-half interest in Onex, Inc. and works for the corporation with an annual gross income of $155,000. In addition he has a pension and profit sharing plan along with various life insurance policies.

The wife is unemployed, not having worked on a regular basis since 1950. She suffers from phlebitis and related leg problems. She has remained in the marital residence which is owned by the parties, while receiving support payments. These payments have been $2,000 per month from January 1, 1979 to February 29, 1984 and $1,600 per month since March 1984.

The Decree of equitable distribution provided that husband be awarded the one-half interest in Onex, Inc; the entire pension and profit sharing plans and four insurance policies.

The wife was awarded the residence and contents thereof; a life insurance policy; $127,641.25 cash, as her share of the marital assets awarded to husband and alimony of $13,-200.00 per year, indexed to change yearly.

Both parties were to pay their own counsel fees and one-half of the master's fee.

The parties raise various issues on appeal. We will address those of appellant/husband first.

Appellant initially claims the court erred in valuing the business and life insurance policies in 1980, more than three years after the date of separation. He contends they should have been valued as of the date of separation.

■ Appellant maintains that under 23 P.S. § 401(e)[1] marital property does not include property acquired after separation and thus any increase in value after March 1977 is not a marital asset. In support he cites *King v. King*, 332 Pa.Super. 526, 481 A.2d 913 (1984) and *Braderman v. Braderman*, 339 Pa.Super. 185, 488 A.2d 613 (1985) which held only the portion of a pension attributable to the marriage period ending with separation is marital property. This is so, in an ummatured unvested plan, where additional increments are to be paid until vesting or retirement, as pensions are treated as deferred compensation. *Braderman, supra.* It would not be the case where a plan has

---

**1.** 23 P.S. § 401(e) provides:
   **§ 401.  Decree of court**

   .          .          .          .          .

   (e) For purposes of this chapter only, "marital property" means all property acquired by either party during the marriage except:
   (1) Property acquired in exchange for property acquired prior to the marriage except for the increase in value during the marriage.
   (2) Property excluded by valid agreement of the parties entered into before, during or after the marriage.
   (3) Property acquired by gift, bequest, devise or descent except for the increase in value during the marriage.
   (4) Property acquired after separation until the date of divorce, provided however, if the parties separate and reconcile, all property acquired subsequent to the final separation until their divorce.
   (5) Property which a party has sold, granted, conveyed or otherwise disposed of in good faith and for value prior to the time proceedings for the divorce are commenced.
   (6) Veterans' benefits exempt from attachment, levy or seizure pursuant to the act of September 2, 1958, Public Law 85–857, 72 Statute 1229[1], as amended, except for those benefits received by a veteran where such veteran has waived a portion of his military retirement pay in order to receive Veteran's Compensation.
   (7) Property to the extent to which such property has been mortgaged or otherwise encumbered in good faith for value, prior to the time proceedings for divorce are commenced.

vested and value increases aside from contribution of the parties, beyond the date of separation.

■ In reviewing a court's Decree in an equitable distribution of property we are limited to determining whether there was an abuse of discretion. *Brown v. Brown,* 352 Pa.Super. 267, 507 A.2d 1223 (1986); *Sergi v. Sergi,* 351 Pa.Super. 588, 506 A.2d 928 (1986); *Semasek v. Semasek,* 331 Pa.Super. 1, 479 A.2d 1047 (1984).

■ The issue raised by appellant, along with the *King* and *Braderman* cases, has recently been discussed in *Sergi, supra. See also Winters v. Winters,* 355 Pa.Super. 64, 512 A.2d 1211 (1986). Although 23 P.S. § 403(b) requires parties to submit to the court an inventory and appraisement of all property owned or possessed at the time the action was commenced; (*See also* Pa.R.C.P. 1920.33(a)) and 23 P.S. § 401(e), *supra,* footnote 1, excludes property acquired after separation from inclusion in marital property; neither dictates a specific date for valuation. In *Sergi* and *Winters* after discussing those sections it was held that the Divorce Code (23 P.S. §§ 101 to 801) only sets a date for which property is no longer included as marital property for purposes of equitable distribution. Absent a specific benchmark for valuation the trial court is free to select the date which best serves to provide for economic justice between the parties. *See* 23 P.S. § 102(a), (b).[2]

2. 23 P.S. § 102 provides in pertinent part:
§ 102. **Legislative findings and intent**
(a) The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to:

. . . . .

(6) Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights.
(b) The objectives set forth in subsection (a) shall be considered in construing provisions of this act and shall be regarded as expressing the legislative intent.
1980, April 2, P.L. 63 No. 26 § 102, effective in 90 days.

■ The question before us then becomes whether the court abused its discretion in selecting a date for valuation. We find it did not.

The court found there would not be a marked difference in valuation of the business between 1977 and 1980. The master recommended the value of the business was to be split evenly between the parties and the court held any increase which may have occurred was properly distributable to the wife because of its desire to provide her more than 50 per cent of the marital property. The insurance policies were valued in accordance with the earliest information available. The year 1980 was used on one policy and 1977 on three others.

We find no abuse of discretion by the court in thus establishing the value of the business and insurance policies.

Appellant next claims the court erred in awarding alimony when the wife received a substantial property settlement. Appellant refers to Chapter 5 of the Divorce Code, specifically § 501 which provides for alimony and contends the award was inappropriate under § 501(a), (b) and (c).[3]

**3.** 23 P.S. § 501 provides in pertinent part:

**§ 501. Alimony**

(a) The court may allow alimony, as it deems reasonable, to either party, only if it finds that the party seeking alimony;

(1) lacks sufficient property, including but not limited to any property distributed pursuant to Chapter 4, to provide for his or her reasonable needs; and

(2) is unable to support himself or herself through appropriate employment.

(b) In determining whether alimony is necessary, and in determining the nature, amount, duration, and manner of payment of alimony, the court shall consider all relevant factors including:

(1) The relative earnings and earning capacities of the parties.

(2) The ages, and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties including but not limited to medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

Appellant maintains the wife has sufficient property to provide for her own reasonable needs. In addition he argues indefinite alimony is not permissible because it is violative of the rehabilitative purpose of alimony.

His final argument in this regard is that the lower court erroneously based its calculations on a mistaken belief the master had awarded the wife equitable distribution in the amount of $164,155.00. This figure actually represented the property award *and* wife's non-marital assets.

■ In reviewing an award of alimony, we also apply an abuse of discretion standard. *Lee v. Lee*, 352 Pa.Super. 241, 507 A.2d 862 (1986).

■ The amount of alimony awarded by the court was based on a determination that $23,000 was needed by the wife to sustain her lifestyle. We agree with appellant that the court was mistaken in its statement that the master

(7) The extent to which it would be inappropriate for a party, because said party will be custodian of a minor child, to seek employment outside the home.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage, however, the marital misconduct of either of the parties during separation subsequent to the filing of a divorce complaint shall not be considered by the court in its determination relative to alimony.

(c) Unless the ability of the party seeking the alimony to provide for his or her reasonable needs through employment is substantially diminished by reason of age, physical, mental or emotional condition, custody of minor children, or other compelling impediment to gainful employment, the court in ordering alimony shall limit the duration of the order to a period of time which is reasonable for the purpose of allowing the party seeking alimony to meet his or her reasonable needs by:

(1) obtaining appropriate employment; or

(2) developing an appropriate employable skill.

awarded $164,155 as part of the equitable distribution.[4] This, however, does not lead to the conclusion that an abuse of discretion has occurred.

The court in establishing a specific amount for alimony wanted to insure the wife received $2,000 more than her estimated expenses or approximately $25,000. This was to pay for medical insurance and expenses which would be anticipated due to the wife's age.

The court reached its award by calculating an 8 per cent return on both the $127,641.75 awarded in the property settlement plus the approximately $26,000 of non-marital assets retained by the wife. The court then determined the monthly alimony necessary to provide the funds needed.

The misstatement by the lower court thus had no bearing on its final determination of alimony.

The lower court properly considered the factors set forth in 23 P.S. § 501(b) and discussed in the master's report in adopting the recommendation of the master that alimony for an indefinite period be awarded. The court specifically noted the wife was sixty years old with little employment experience since the marriage. In addition, she was suffering from phlebitis and other leg problems. Thus, there was a proper basis to award alimony, especially considering appellees age and physical condition. These same factors also support awarding alimony for an indefinite period of time. *Pacella v. Pacella*, 342 Pa.Super. 179, 492 A.2d 707 (1985); *Mazzei v. Mazzei*, 331 Pa.Super. 432, 480 A.2d 1111 (1984); 23 P.S. § 501(c). Should circumstances change, appellant can petition to modify the Order under 23 P.S. § 501(e).

The third issue raised by appellant is that the court erred in awarding one spouse more than 50 per cent of the marital assets when no exceptions were filed to the master's recommended award of 50 per cent. Appellant asserts that failure to file exceptions addressing the distribution of

4. The actual property award recommended by the master was $137,-555.50.

marital assets waives the issue under Pa.R.C.P. 1920.55(a) which provides in pertinent part:

### Rule 1920.55(a)

... Matters not covered by exceptions are deemed waived unless prior to entry of the final decree, leave is granted to file exceptions raising those matters.

Further, appellant maintains it was an abuse of discretion on the part of the court to alter the master's recommendation absent such exceptions.

We do not agree with appellant's argument. The question raised here is whether the court can alter the recommendations of the master absent a specific exception by one of the parties. This is different from the situation where the court adopts the recommendations of the master and an appeal to the final Decree raises an issue not raised in exceptions to the master's report. There, Pa.R.C.P. 1920.55(a) could be properly invoked to assert a waiver for appellant failed to exercise an opportunity to allow the lower court to review an alleged error.

In the present situation the court's action was within its power to equitably divide the marital property under 23 P.S. § 401(d).

The court is charged with the responsibility of making equitable distribution under the Divorce Code. Although the rules of procedure provide for the appointment of a master to conduct a hearing, prepare a report and make recommendations (Pa.R.C.P. 1920.51) this does not transfer the final responsibility of making the distribution to the master.

■ A master's report is entitled to great consideration, but the court is not bound by it. *Kleinfelter v. Kleinfelter*, 317 Pa.Super. 282, 463 A.2d 1196 (1984); *Herwig v. Herwig*, 279 Pa.Super. 65, 420 A.2d 746 (1980). *See also* 24 Standard Pa.Practice 2d § 126:364. The court is required to structure an equitable distribution of property in light of

the factors set forth in 23 P.S. § 401(d).[5]  If in its discretion the court determines it must deviate from the recommendation of the master it may do so regardless of whether either party has raised the issue in an exception.  Our function then becomes one of determining if the court's action constituted an abuse of discretion under the statutory guidelines.

■ We find no abuse of discretion by the court in its distribution of the marital property.  We are concerned, however, of the growing tendency to establish a presumption in favor of a 50–50 ratio for distribution.  The master's report (p. 5) cites to *Prescott v. Prescott*, 21 Pa.D. & C.3d 590 (1981) and *Paul W. v. Margaret W.*, 130 Pitts.L.J. 6 (Alleg.Co.1981) in support of this practice.  *See also* 24 Standard Pa.Practice 2d § 126:393.  The appellant in his brief also refers to this presumption.

This court in *Ruth v. Ruth*, 316 Pa.Super. 282, 462 A.2d 1351 (1983) rejected the adoption of presumptions to be applied in deciding issues involving property rights.  Rather, the guidelines established in the Divorce Code are to be

**5.**  23 P.S. § 401(d) provides:

**(d) In a proceeding for divorce or annulment, the court shall, upon request of either party, equitably divide, distribute or assign the marital property between the parties without regard to marital misconduct in such proportions as the court deems just after considering all relevant factors including:**

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training, or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including but not limited to medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to the party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

the sole criteria upon which an equitable distribution is to be made. Adoption of a presumption places a burden upon the party seeking to influence the court to deviate from the presumed 50/50 distribution. This burden should not exist.

In addition, adoption of a presumption detracts from the court's consideration of the statutory guidelines by establishing a "normal" result which the court should reach after evaluation of the factors in 23 P.S. § 401(d)(1)–(10) *supra*, footnote 5.

The ten factors in § 401 stand alone, without presumptions, as the bases upon which the court is to fashion an equitable distribution. Weight is to be accorded the various factors as the court finds appropriate and the property to be distributed in such proportions as the court deems just. The court is not restricted by needing to overcome a presumption in favor of equal distribution. It is free to award the property in any proportion justifiable by its application of the relevant factors. Such decision will then be reviewable for an abuse of discretion. Since the court did not follow the master's recommendation of a 50/50 split, it did not adopt the erroneous theory of presumption of equal division and was not in error.

Appellant next asserts error in the court's failing to take into consideration the economic benefit bestowed on the wife by virtue of living in the marital residence rent free for nine years.

We find appellant has waived this issue by his failure to raise it as an exception to the master's recommendations. *Hess v. Hess,* 327 Pa.Super. 279, 475 A.2d 796 (1984) Pa.R.C.P. 1920.55(a).

The final claim made by appellant is that the court erred in requiring an immediate payment of the entire equitable distribution award, in the amount of $127,641.25. He contends this will force him to liquidate his business holdings or suffer adverse tax consequences.

The court directly addressed this argument and determined appellant could produce part of the sum from his

annual income, (gross income was found to be approximately $155,000.00) with the remainder obtained through a bank loan or by reaching some accomodation with appellee/wife. The court did not agree with appellant's contention that the measures he claims are necessary are actually required to meet this obligation.

The court also upheld the immediate payment because the alimony award was based on the wife having a large amount of investment capital to produce income. If the payment of the distribution amount was spread out over time, appellant would be required to pay interest, the same as if he obtains a bank loan to pay appellee.

We find no abuse of discretion by the court in reaching this determination. The rationale provided by the court is sufficient to justify the action.

We next address cross appellant/wife's claims. She maintains the court abused its discretion in failing to award delay damages or interest from the date of valuation, awarding inadequate alimony and in requiring her to pay counsel fees and half of the costs.

We find no abuse of discretion by the court in these areas. The court discussed the need for delay damages and looked to the substantial support payments the wife was receiving as compared to her alimony award and determined the difference adequately compensated her for the delay in receiving her share of the marital property.

We determined the propriety of the court's award of alimony when reviewing appellant/husband's claim and need not discuss this issue further.

Finally, we find the court was justified in holding the wife is capable of paying her own counsel fees and half of the master's fee due to the substantial lump sum payment she will receive. *Vajda v. Vajda*, 337 Pa.Super. 573, 487 A.2d 409 (1985).

Finding no merit to any of the claims raised by the parties, the Decree of equitable distribution is affirmed.