603 A.2d 646

Linda B. McNAUGHTON, Appellant,

v.

David K. McNAUGHTON, Appellee.

Linda B. McNAUGHTON, Appellee,

v.

David K. McNAUGHTON, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 10, 1991.

Filed Feb. 13, 1992.

410

Elliot A. Strokoff, Harrisburg, for appellant (at 147) and appellee (at 187).

Morton J. Earley, Indiana, for appellant (at 187) and appellee (at 147).

Before OLSZEWSKI, HUDOCK and BROSKY, JJ.

OLSZEWSKI, Judge:

This an appeal from the decree of the Court of Common Pleas of Cumberland County dated February 11, 1991, settling some of the economic issues of this divorce action.

The decree below attempted to reach an equitable distribution of the parties' marital assets. Since we find that the lower court abused its discretion, we affirm in part and reverse and remand in part.

A discussion of the case follows. The parties to this action were married in December of 1968 and separated in January of 1984. During the course of the marriage considerable marital assets were acquired. Included among the marital assets were numerous parcels of real estate and an interest in Mr. McNaughton's family business, McNaughton Oil.

The master handed down his recommendations in 1987, at which time evidence was received as to the value of the property to be distributed. The lower court handed down its distribution February 11, 1991, and the parties filed the timely appeals which are now before the court.

Each party raises several issues on appeal. Since some issues overlap, we will discuss those issues together.

Linda McNaughton raises three issues on appeal. Ms. McNaughton first argues that the lower court abused its discretion by accepting stale valuations for the property subject to distribution. David McNaughton also raises an issue regarding the lower court's valuation of the real property and the interest in the family business, McNaughton Oil. Mr. McNaughton argues that the lower court should have valued the business and the real property on the same dates. We will discuss the parties' arguments surrounding property valuation together. Second, Ms. McNaughton argues that the lower court abused its discretion in establishing a 50/50 distribution of the marital assets. Third, Ms. McNaughton argues that the lower court erred in failing to grant her counsel fees and litigation costs. Mr. McNaughton raises a question of whether the lower court erred in failing to give him credit for $7,178.00 in litigation costs, which he paid to Ms. McNaughton to allow her to pursue the litigation in the court below. We will consider both parties' arguments surrounding counsel fees and costs together. Finally, Mr. McNaughton argues

that the lower court erred in assigning a debt of $124,315.20 as a debt of McNaughton Oil and not a personal debt of the parties. Since we find that the lower court abused its discretion, by not properly valuing the real property, we affirm in part and reverse and remand in part.

 When reviewing the actions of a lower court in a divorce action, we are limited to a determination of whether there was an abuse of discretion. *Wayda v. Wayda*, 395 Pa.Super. 94, 576 A.2d 1060 (1990). Although the master's report is entitled to great weight, the final responsibility of making the distribution rests with the court. Our review is thus based on the court's distribution of property. *Morschauser v. Morschauser*, 357 Pa.Super. 339, 516 A.2d 10 (1986). *See also Sutliff v. Sutliff*, 361 Pa.Super. 504, 522 A.2d 1144 (1987), *rev'd on other grounds*, 518 Pa. 378, 543 A.2d 534 (1988).

We do not evaluate the propriety of the distribution order upon our agreement with the court's actions nor do we find a basis for reversal in the court's application of a single factor. Rather, we look at the distribution as a whole, in light of the court's overall application of the 401(d)[1] factors. If we fail to find an abuse of discretion, the [o]rder must stand.

*Sutliff*, 361 Pa.Super. at 520, 522 A.2d at 1152 (*citing Sergi v. Sergi*, 351 Pa.Super. 588, 506 A.2d 928 (1986); and *Semasek v. Semasek*, 331 Pa.Super. 1, 479 A.2d 1047 (1984)).

The factors to be considered in making an equitable distribution are set forth in 23 Pa.C.S.A. § 3502(a)(1)–(11). Our review of the lower court's distribution is necessarily limited to a determination of whether in light of the entire distribution, considering all the factors set forth by the legislature, an abuse of discretion occurred. We take up the claims of both parties below.

 Both parties have contended that the lower court erred in accepting the values for the real estate set by the

1. Former 23 P.S. § 401(d) has been codified at 23 Pa.C.S.A. § 3502(a).

master. The master's report in this case was handed down in 1987. The lower court, some three years later, handed down a distribution adopting the values set by the master. There is no set date for the valuation of property; rather the lower court has it within its discretion to adopt a date for valuation which best works economic justice between the parties. *Miller v. Miller*, 395 Pa.Super. 255, 577 A.2d 205 (1990). We will only reverse the decision of the lower court in regard to the setting of the date for the valuation of the marital assets on the basis of an abuse of discretion. *Id.* Although the lower court has considerable discretion in regard to setting a date for the valuation of the marital assets, we believe in this case the lower court abused its discretion. In cases where a long period of time has passed between the separation and the distribution, the court should set values as close to distribution as possible. *Sutliff v. Sutliff*, 518 Pa. 378, 543 A.2d 534 (1988). We believe that considering the numerous parcels of real estate involved, the lower court abused its discretion by not ordering a re-valuation at the time of distribution. *See Sutliff*, 518 Pa. at 380–385, 543 A.2d at 535–537; *Sergi v. Sergi*, 351 Pa.Super. 588, 506 A.2d 928 (1986). The case is reversed and remanded for a re-valuation of the real estate at the time of distribution.

Mr. McNaughton argues that the lower court erred in valuing the business as of the date of separation and the real estate as of the date of the master's hearing. The lower court should have valued the real estate as close to the time of distribution as possible. We, however, find no abuse of discretion in the court's valuing the interest in McNaughton Oil as of the time of separation. The lower court's objective in selecting a date for the valuation of marital assets is to select a date which works economic justice between the parties. There is no guarantee that the same date will work economic justice with all assets. Although we have held above that the lower court should have valued the real estate as close to the time of distribution as possible, the interest in McNaughton Oil will be difficult to

value at a date after the parties' separation. McNaughton Oil is a family business which is largely under the control of David McNaughton. It naturally follows that the value of such a business will vary greatly due to David McNaughton's influence. Although the lower court should have valued the real estate as close to the date of distribution as possible, we find no abuse of discretion in the lower court's valuing McNaughton Oil as of the date of separation. The lower court's valuation of McNaughton Oil is affirmed.

██ Linda McNaughton's second argument is that the lower court abused its discretion in establishing a 50/50 distribution of the assets. Ms. McNaughton argues that the court abused its discretion by overriding the 60/40 distribution established by the master. The lower court has the duty of establishing the distribution, and, therefore, the distribution set by the court is the subject of our review. *Morschauser v. Morschauser*, 357 Pa.Super 339, 516 A.2d 10 (1986). Although the master's recommendation of a 60/40 distribution is given great weight, it is not the subject of our review. We have reviewed the lower court's rationale and considering the distribution as a whole, we find no abuse of discretion in the court's setting a 50/50 distribution. The lower court's setting a 50/50 distribution is affirmed.

 Linda McNaughton's third argument is that the lower court erred in failing to grant her counsel fees and costs. We do not agree. "In reviewing awards or denials of alimony pendente lite, counsel fees and expenses, we are limited to a determination of whether the trial court abused its discretion." *McNulty v. McNulty*, 347 Pa.Super. 363, 367, 500 A.2d 876, 877 (1985). The lower court has properly analyzed this issue in its opinion, and we adopt the lower court's rationale here, with the following explanation. The parties here have both undoubtedly expended a great deal of money on counsel fees. Mr. McNaughton has paid alimony pendente lite since 1986. One of the reasons for an award of alimony pendente lite is to allow a party of limited means to afford the cost of pursuing the divorce litigation.

Mr. McNaughton has also paid to Ms. McNaughton some $7,178.00 in costs to allow Ms. McNaughton to pursue this litigation. Further, when the property is distributed, Ms. McNaughton will receive a large distribution. We believe the lower court committed no abuse of discretion by finding the parties responsible for their own counsel fees and costs.

■ Mr. McNaughton argues that the lower court erred in not giving him credit for $7,178.00 in litigation costs he has paid on behalf of Ms. McNaughton. We find no abuse of discretion in the lower court's not crediting Mr. McNaughton for those costs. The lower court found that the court ordered that Mr. McNaughton pay those costs based upon the economic circumstances of the parties at the time of the order. We find no abuse of discretion in the lower court's finding that Mr. McNaughton should not now be credited for those costs. Neither party has contended that the payment was unfair at the time the costs were awarded. We find the lower court's handling of the attorney's fees and costs very fair, and, therefore, find no abuse of discretion. The lower court's handling of attorney's fees and costs is affirmed in all respects.

■ The final issue raised in this appeal is whether the lower court abused its discretion by assigning a debt of $124,315.20 as a debt of McNaughton Oil. Mr. McNaughton argues there were two mortgages each with a principal balance of approximately $124,000.00 around the time of separation, and that the lower court improperly assigned the debt of $124,315.20 as a debt of McNaughton Oil and not a personal debt of the parties. The lower court found that only a single debt existed and that this debt was a debt of McNaughton Oil.

Our review of the record indicates that two mortgages existed: One with a face value of $160,000.00 entered into in June of 1978, and a second with a face value of $350,000.00 entered into in May of 1982. Mr. McNaughton's testimony indicates that the first mortgage was entered into to finance a property purchase and to refinance certain

other properties, and that the second mortgage represents a collateralization of McNaughton Oil's line of credit. McNaughton Oil's consolidated balance sheet shows a demand note in the amount of $124,995.00 in November 1982 and again in November 1983. It appears that this is McNaughton Oil's line of credit. This Court, however, does not sit as a fact finder and we do not make this determination. A mortgage statement is of record for a mortgage with a principal balance of $124,135.20 as of December 30, 1983.

The lower court found that there was only one mortgage, because taking into consideration the December 1983 payment on the demand note of $124,995.00, the principal balance equaled $124,315.20. We do not agree with the lower court's calculation. Examining the mortgage statement, the mortgage with a balance of $124,315.20 had principal of $685.40 paid on it in December 1983. Adding the December principal payment back into the principal balance we get a principal balance of $125,000.60 for November 1983. Possibly this is merely a slight deviation in the amounts due on a single loan, but this is not certain. Nevertheless, we see no reason for a remand on this point. Mr. McNaughton admits that one of the mortgages secured a debt of approximately $124,000.00 at the time of separation and that this debt represented McNaughton Oil's line of credit. Clearly a debt of $124,000.00 should have been assigned to McNaughton Oil. The parties' other debts which exist on the marital real estate should be satisfied in the distribution. We find no reason to remand to the lower court in regard to the debts involved.

For the above reasons, we remand to the lower court for a re-valuation of the real estate subject to distribution as close to distribution as possible. In all other respects, the case is affirmed.

Reversed and remanded in part, affirmed in part.

BROSKY, J., concurs and dissents.

BROSKY, Judge, concurring and dissenting.

I am in agreement with all aspects of the majority's well-reasoned opinion except its determination that the trial court did not err in valuing McNaughton Oil as of the date of separation of the parties. I see no reason why McNaughton Oil should be accorded treatment different than that given to the real estate involved in the instant case. I agree with the majority that the trial court is free to select a valuation date which best serves to provide for economic justice between the parties. *Miller v. Miller*, 395 Pa.Super. 255, 577 A.2d 205 (1990). However, in *Sutliff v. Sutliff*, 518 Pa. 378, 543 A.2d 534 (1988), in which some of the marital assets to be valued were businesses, our Supreme Court stated,

[While t]he Divorce Code contains no express provision governing the selection of a date to be used for valuation of marital property, where equitable distribution is concerned, ... [i]t is implicit ... in the statutory provisions governing equitable distribution that a valuation date reasonably proximate to the date of distribution must, in the usual case, be utilized.

If ... marital property values were to be fixed as of the date of the parties' separation ... severe injustices would at times be inflicted upon the parties concerned. Volatile market conditions and changing economic circumstances can render assets that had been valuable months or years earlier virtually worthless in the present, and vice versa.... Privately owned business interests may be valued as a gold mine, or as a scrimption, depending on the times.

*Id.,* 518 Pa. at 381, 383, 543 A.2d at 536, 537.

Since the parties were separated in January, 1984 and McNaughton Oil was valued as of that date, I feel that the trial court abused its discretion in not re-valuing the business at the 1990 distribution. Hence, I would also remand this issue to the trial court for a re-valuation of McNaughton Oil "as close to distribution as possible."