J-S05039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LISA A. GEBHART, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| STEVEN A. GEBHART, | | |
| Appellant | | No. 1014 MDA 2016 |

Appeal from the Decree May 23, 2016
in the Court of Common Pleas of Adams County
Civil Division at No.: 2010-S-642

| | | |
|---|---|---|
| LISA A. GEBHART, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | | |
| v. | | |
| STEVEN A. GEBHART, | | |
| Appellee | | No. 1089 MDA 2016 |

Appeal from the Decree May 23, 2016
in the Court of Common Pleas of Adams County
Civil Division at No.: 2010-S-642

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 30, 2017**

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, Lisa A. Gebhart, now known as Lisa A. Harner (Wife), and Appellee, Steven A. Gebhart (Husband), cross-appeal from the divorce decree of May 23, 2016. The parties dispute various aspects of the order of equitable distribution. We affirm on the basis of the trial court opinion.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them at length here.

For the convenience of the reader we note briefly that Husband has remained steadily employed in his family's business, the acquisition, construction, and sale of real property. Husband also owns property which generates additional income.

Wife owns a portion (one-third) of a large (210 acres) farm, jointly with her siblings. She was formerly employed as the bookkeeper in the construction business owned and operated by Husband and other members of his family. Wife has a bachelor's degree but is not currently employed. In addition to serving as the bookkeeper in the construction business of Husband's family, Mother has also worked as a counselor and a claims examiner. The Master found that Wife was employable but may need further education to assist her in obtaining employment comparable to what she has had in the past.

The Master recommended that Wife receive 65% of the net marital estate, and that Husband receive 35%. The Master determined the net marital estate was $380,526.00.

The trial court observes that neither party had any of the marital property professionally appraised. The court, after adjusting the marital debt associated with one of the key marital properties (Wheatland Acres), increased the net marital estate from $380,526.00 to $747,369.00. Therefore, Wife's 65% of the net marital estate increased (from $247,342.00) to $485,789.00. Based on this revision, Husband owed Wife a cash payment of $262,509.00. The trial court, accepting the recommendation of the Master, declined to award attorney fees and related costs to either party. Both parties timely appealed.

Wife presents five issues for our review.

1. Whether the [trial c]ourt erred when it did not conclude that the parties' [g]ross [m]arital [a]ssets subject to equitable distribution are $1,614,417.40 and that the [g]ross [m]arital [d]ebts are $619,398.00, thus making the [n]et [m]arital [e]state for distribution between the parties $995,019.40?

2. Whether the [trial c]ourt erred in awarding Wife a mere 65% of the net marital estate though the Master found only one unknown and incalculable statutory factor to favor Husband and five absolutely known and factual statutory factors to favor Wife[?]

3. Whether the [trial c]ourt erred in failing to award Wife reasonable attorney's fees and costs and expenses in this matter?

4. Whether the [trial c]ourt erred in failing to require Husband to turn over specific items of personal property as requested and set forth in [Wife's] Exhibit 21[?]

5. Whether the [trial c]ourt erred in failing to consider or award fair rental value for the rental properties [Husband] operated throughout the duration of this matter[?]

(Wife's Brief, at 4-5).

Husband disputes the claims made by Wife and presents two of his own issues for our review:

1. Did the [t]rial [c]ourt err when it entered an[ ] order in equitable distribution without reviewing the [d]ivorce Master's [t]ranscript?

2. Did the [t]rial [c]ourt err when it reduced the debt associated with Wheatland Acres from the $605,496.00 found by the Master to the $128,730.00 figure in the December 22, 2015 Order?

(Husband's Brief, at 8).

Our role in reviewing equitable distribution awards is well-settled.

Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.

*McCoy v. McCoy*, 888 A.2d 906, 908 (Pa. Super. 2005) (internal quotations omitted). When reviewing an award of equitable distribution, "we measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." *Hayward v. Hayward*, 868 A.2d 554, 559 (Pa. Super. 2005).

***Smith v. Smith***, 904 A.2d 15, 18 (Pa. Super. 2006). "In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole." ***Morgante v. Morgante***, 119 A.3d 382, 387 (Pa. Super. 2015).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court we conclude that there is no merit to the issues cross-Appellants have raised on appeal. The trial court opinion properly disposes of the questions presented. (**See** Trial Court Opinion, 8/19/16, at 7-15) (concluding: (1) trial court properly determined the value of the net marital estate; (2) trial court did not err in awarding Wife 65% of the net marital estate; (3) trial court properly declined to award attorney's fees, costs and expenses to either party; (4) trial court has already ordered Wife may obtain return of her personal property; and (5) trial court acted within its discretion in choosing not to award Wife rental value of marital rental properties where Husband has paid all expenses and debts associated with those properties).

Furthermore, the trial court properly found (1) that it was Husband's responsibility to enter and order divorce master's transcript, if he wished to challenge any award based on actions contained in transcript; if there is a cross-appeal, the cross-appellant shares this responsibility; and (2) trial court acted within its discretion in reducing the valuation of the debt associated with one of the properties (Wheatland Acres) for the purpose of

effectuating economic justice between the parties. (**See id.**). Accordingly, we affirm on the basis of the trial court's opinion.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2017



FILE COPY

Circulated 03/13/2017 05:02 PM

ORIGINAL

# IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
## CIVIL

| | | |
|---|---|---|
| Lisa A. Gebhart,<br>(now Lisa A. Harner),<br>Plaintiff, | : | No. 10-S-642 |
| v. | : | |
| Steven A. Gebhart,<br>Defendant | : | ACTION IN DIVORCE |

## OPINION PURSUANT TO Pa.R.A.P. 1925(a)

Defendant/Appellant Steven A. Gebhart ("Husband") appeals and Plaintiff/Appellee Lisa A. Gebhart, n/k/a Lisa A. Harner ("Wife") cross appeals from the Divorce Decree entered on May 23, 2016 which incorporates portions of the Master's Report and Recommendation and the Court's December 22, 2015 Order revising portions of said Master's Report. This Opinion pertains to both Husband's Appeal, Superior Court Case # 1014 MDA 2016, and Wife's Cross-Appeal, Superior Court Case # 1089 MDA 2016.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The parties were married on September 24, 1994. Wife filed a Divorce Complaint on April 15, 2010, which was served on Husband on April 17, 2010 by Certified Mail. On November 3, 2011, Wife filed a Motion for the Appointment of Master. By Order of Court dated November 9, 2011, a Master was appointed with respect to the claims of Divorce, Alimony, Distribution of Property, Counsel Fees, and Costs and Expenses.

A Master's Hearing was held on May 6, 2015, at which time Wife withdrew her claim for Alimony. The hearing concluded on June 30, 2015. The Master requested submission of Post-

1

*'19-16 Quinn, King, CA, Media, D&C reports. LJ.*

Hearing Memoranda, which were filed by Wife on July 31, 2015 and by Husband on August 3, 2015. The Master's Report and Recommendation, which was prepared without a transcript of the proceedings, was filed on September 18, 2015.

The Master recommended that Wife receive 65% of the net marital estate and that Husband receive 35% of the net marital estate. The Master recommended that each party pay their respective counsel fees and that the parties share the costs associated with the Master's Hearing. Master's Report at 24. The Master determined the parties' date of separation to be April 17, 2010, which is when Wife filed for divorce and served Husband. Master's Report at 4. The parties did not have any of the marital property professionally appraised, so the Master derived the properties' values by multiplying the Adams County tax assessed values by the Pennsylvania Common Level Ratio factor in effect at the time of the Master's Hearing, which was 0.82. Master's Report at 6.

The Master determined the value of and distributed the property as follows:

| | |
|---|---|
| **Gross Marital Estate:** | **$1,495,497.00** |
| **Marital Debt** | **$1,114,971.00** |
| **Net Marital Estate** | **$ 380,526.00** |

**Wife's Distribution:**

| | |
|---|---|
| Pre-distributive share of 275 West Crestview | $ 50,916.00 |
| Increase in marital value of Freedom Township land | $162,125.00 |
| Life insurance | $ 3,628.00 |
| Wife's Vehicle | $ 7,331.00 |
| Cash payment | $ 23,342.00 |
| **TOTAL** | **$247,342.00** |

2

**Husband's Distribution:**

| | |
|---|---|
| Increase in value of pre-marital home | $ 28,674.00 |
| All remaining assets, holding Wife harmless from all associated debts | $104,510.00 |
| **TOTAL** | **$133,184.00** |

On October 8, 2015, Wife filed Objections and Exceptions to Master's Report and Recommendation. Oral Arguments on Wife's Objections and Exceptions were held on December 17, 2015. The Court issued an Order on December 22, 2015 that granted three of the Wife's Exceptions and denied the rest. In its Order, the Court ruled that the value of marital debt associated with Wheatland Acres, one of the marital properties, should have been determined as of 2012 (date when Wife was released from liability for that debt) instead of utilizing the date of the Master's Hearing. This decreased the marital debt from $1,114,971.00 to $748,128.00 and increased the net estate from $380,526.00 to $747,369.00. Therefore, Wife's 65% of the estate increased to $485,789.00, which meant that Husband owed her a cash payment of $262,509.00.

Husband filed a Motion for Reconsideration of the December 22, 2015 Order. Reconsideration was granted by the Court on January 22, 2016[1]. The Motion for Reconsideration was denied on May 23, 2016 and this Court entered a Divorce Decree that incorporated the Master's Report and Recommendation and the December 22, 2015 Order of Court revising said Master's Report. On June 21, 2016, Husband timely filed his Notice of Appeal of the Decree of Divorce dated May 23, 2016. Wife timely filed her Notice of Cross-Appeal on July 5, 2016. Husband timely filed his Statement of Matters Complained of on Appeal on July 18, 2016 and Wife timely filed hers on July 28, 2016.

---

[1] The Honorable Robert G. Bigham (now Senior Judge) presided over this matter until it was reassigned by the President Judge to the undersigned by Order of Court dated March 30, 2016.

3

## Matters Complained of on Appeal

Husband has filed nine matters in his Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b):

1. The Court of Common Pleas abused its discretion by entering an Order of Equitable Distribution, and a Divorce Decree that incorporated that Order without the benefit of either in court testimony or a transcript of the record before the divorce master.

2. The Court of Common Pleas committed an error in calculating the marital estate.

3. The Court of Common Pleas committed an error in calculating the marital debts.

4. The Court of Common Pleas committed an error in awarding Wife $485,789.00 as a result of incorrectly calculating the marital debts and consequently the net marital estate.

5. The Court of Common Pleas was incorrect in using separate points in time for calculating the value of Wheatland Acres as an asset and the liabilities associated with Wheatland Acres.

6. The Court of Common Pleas was incorrect in stating that Wife was released by the bank from any liability on Wheatland Acres in 2012.

7. The Trial Court was incorrect in its statements contained in the Order dated December 22, 2015, Paragraph 5, where it calculated the debt associated with Wheatland Acres at $605,946.00 at the time of separation, and it being $321,827.00 at the time of the master's report. Additionally, the Court of Common Pleas was incorrect in stating that two years of the debt amounted to $128,730.00.

4

8. The Court of Common Pleas was incorrect in stating that only $128,730.00 would be the appropriate amount of debt attributable to Wheatland Acres in using it in the calculation of the net marital estate.

9. The Court of Common Pleas was incorrect and made an unjust and unfair award to Wife by giving her 65% of the net marital estate based on only a few factors being in her favor, and Wife has a college education and makes no efforts to support herself. The error is only amplified by the fact that the net marital estate calculation disregarded a marital debt that Husband is still responsible for and will still have to pay. This result is Husband is responsible for paying Wife over $240,000.00, plus paying back a marital debt of similar value, without any credit for it in the calculation of the marital estate. Essentially, Husband is penalized twice, and Wife rewarded twice.

Wife has filed eleven errors in her Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b):

1. The Trial Court erred when it did not conclude that the Gross Marital Assets subject to equitable distribution are $1,614,417.40 and that the Gross Marital Debts are $619,398.00, thus making the Net Marital Estate for distribution between the parties $995,019.40.

2. The Trial Court erred in awarding Wife a mere 65% of the net marital estate though the Master found only one unknown and incalculable statutory factor to favor Husband and five absolutely known and factual statutory factors to favor Wife.

3. The Trial Court erred by failing to conclude that there was no marital value attributable to Wife's non-marital property in Freedom Township, PA; in applying

5

the incorrect assessed value to the property; and by incorrectly and inconsistently concluding that this asset increased significantly in value between the time it was acquired and the date of separation and incorrectly concluding that Husband's Wheatland Acres property lost significant value during a substantially similar time period.

4. The Trial Court erred by failing to at all account for or include non-marital gifts as assets possessed and able to be utilized by Husband, thereby affecting the overall distribution scheme.

5. The Trial Court erred by failing to conclude that the Husband's Wheatland Acres assets presents no actual or real loss to Husband in that any monies paid on debts associated with Wheatland Acres are expenses on taxes and/or the debt is in constant forbearance.

6. The Trial Court erred by including any of Husband's Wheatland Acres debt in calculating the net marital estate subject to equitable distribution and by concluding that Husband will eventually have to pay taxes on depreciated values and losses that he has carried over.

7. The Trial Court erred through concluding that there was no testimony regarding any marital property set apart to either of the parties and additionally failing to account for the non-marital property that each party possesses and by failing to consider this statutory factor when this factor heavily weighs in Wife's favor and against Husband.

8. The Trial Court erred by concluding that the tax and expense statutory factor weighs in Husband's favor as a statutory factor when the actual amount to possibly be paid

6

is unknown and the actual effect is unknown, particularly when Husband enjoys a significant tax benefit by perpetually carrying over losses and depreciating expenses and continually keeps the debt in forbearance.

9. The Trial Court erred in failing to award Wife reasonable attorney's fees and costs and expenses in this matter and incorrectly stating that an award of spousal support is made for bringing or defending against a lawsuit.

10. The Trial Court erred in failing to require Husband to turn over specific items of personal property as requested.

11. The Trial Court erred in failing to consider or award fair rental value for Husband's rental properties throughout the duration of this matter.

## DISCUSSION

The first issue Husband complains of on appeal is that the Court did not have the benefit of either a transcript of the Master's Hearing or in-court testimony when it entered its Order. Husband argues that the Court is required to either hear testimony or review the transcript of the Master's Hearing. Husband bases his argument on a 1992 Superior Court case which held that if there is no transcript filed subsequent to a hearing by master, then the trial court must instead hear testimony itself. *Pavie v. Pavie*, 606 A.2d 1207 (Pa. Super. 1992). However, the rule relied upon by the court in *Pavie v. Pavie* was subsequently modified and the divorce master is no longer required to file the transcript from the master's hearing. See Pa.R.C.P. 1920.51. It is the responsibility of an appellant to order all transcripts necessary to resolve the issues appellant has raised. If there is a cross-appeal, the cross-appellant shares this responsibility. Any issue which cannot be resolved due to an incomplete record may be waived. *Commonwealth v. Preston*, 904

7

A.2d 1, 7 (Pa. Super. 2006) (citation omitted). Transcripts of the Master's Hearing were not ordered by either party.

The Husband's next three issues can be disposed of together. Husband states that the Court erred in its calculations to arrive at the values for the marital estate and the marital debts and in determining the equitable distribution percentages. These blanket assertions do not allege the Court's error with enough specificity for the Court to determine what issue Husband is raising. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa.Super.2001) (citation omitted).

Husband next complains that the Court was incorrect in using separate points in time for calculating the value of Wheatland Acres as an asset and as a debt. However, the Divorce Code does not require a specific date for calculating the value of marital assets and debts. *McNaughton v. McNaughton*, 603 A.2d 646, 649 (Pa. Super. 1992) (citation omitted). Instead, the Court "has within its discretion to adopt a date for valuation which best works economic justice between the parties." *Id.* Additionally, the same date may not work economic justice for all assets. *Id.*

In the instant case, the Master calculated the value of the Wheatland Acres property as an asset in 2010, the date of separation. Master's Report at 11. The Master calculated the value of the debt on the property at the time of the Master's Hearing in 2015. The Master's calculation of the marital property debts at a different date than the marital property assets allowed the Wife some relief from the date of separation debt and gave both parties credit for the post-separation pay-down of the debt. Master's Report at 16. In the Court's Order of December 22, 2015, the Court recalculated the debt associated with Wheatland Acres, as discussed *infra*, and instead calculated the value of the Wheatland Acres debt in 2012. The Master's decision to use separate dates for the

8

valuation of the marital debt and of the marital assets, as revised by the December 22, 2015 Order of Court, effectuated economic justice for the parties.

The next three matters that Husband complains of in the instant appeal concern the valuation of the assets and debts associated with Wheatland Acres. Husband complains that the Court was incorrect in stating that the Wife was released from liability for this property in 2012, the Court was incorrect in calculating the debt at the time of separation and at the time of the Master's Report, and the Court was incorrect in its calculation of the amount of debt Wife owed for a two year period. Additionally, Husband complains that the Court is incorrect in stating that Wife is only liable for two years' worth of debt.

The Court's December 22, 2015 Order indicated that the bank released Wife from the liability associated with the Wheatland Acres property in 2012. The Master made this finding in her Report but chose not to use 2012 as the date for calculation of the debt. Master's Report at 14. In the December 22, 2015 Order the Court granted Wife's Exception to the Master's Report regarding this issue. The Court agreed with Wife's position that she was no longer liable for the debt after 2012 because she had been released from liability for this debt by the bank. The Court calculated 40% of the Master's determination of the value of the marital debt in Wheatland Acres. Thus, the Court arrived at the figure it assigned as marital debt for Wheatland Acres, $128,730.00.

The final issue raised by Husband is that this Court was incorrect to award Wife 65% of the net marital estate. Husband argues that only a few of the equitable distribution factors favor Wife and that Wife is capable of working but chooses not to do so. Conversely, Wife raises this issue on appeal, arguing that she should have received more than 65% of the net marital estate because the Master found that five of the statutory equitable distribution factors favor her while only one incalculable factor favors Husband.

9

In her Report and Recommendation, the Master discussed the statutory equitable distribution factors as they applied to the parties. 23 Pa. C.S.A. §3502(a). She found that factors 3,5,6,10, and 11 favored Wife and factors 10.1 and 10.2 favored Husband, and that factors 1 (length of marriage), 2 (prior marriages),4 (contribution of a party to the education, training or increased earning capacity of the other party),7 (contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as a homemaker),8 (value of property set apart to each party), and 9 (standard of living acquired during the marriage) were neutral or did not apply.

With respect to the factors found to favor Wife, the third factor concerns the age, health, station, income, skills, employability, estate, liabilities and needs of each of the parties. Both parties were found to be in good health and were of similar ages. Wife has a Bachelor's degree but had not worked steadily since 1999, whereas Husband is has remained steadily employed in his family's construction business and has a consistent source of income. The Master found Wife to be employable, but felt she may need further education to assist her in engaging employment similar to such as she has had in the past. Master's Report at 17. The Master found that Wife owned a portion of a large farm jointly with her siblings and Husband owned properties from which he occasionally received additional income. Master's Report at 17-19.

The fifth factor, the opportunity for future acquisitions of each party, was found to favor Wife, as Husband was found to be more likely to acquire additional assets and income in the future due to his ongoing involvement in his family's construction business. The sixth factor, the sources of income of both parties, including medical, retirement, insurance, or other benefits was found to favor Wife, as Wife had no separate income at the time of hearing and Husband had a consistent source of income. The Master found the first portion of the tenth factor, the economic

10

circumstances of each party at the time the division of property is to become effective, to favor Wife. The Master found that once the parties divorced, the Husband would stop paying spousal support to Wife, which would improve his circumstances slightly while Wife's circumstances would worsen slightly. Master's Report at 21-22.

The Master found the second portion of the tenth factor to be in Husband's favor. This factor concerns the tax ramifications associated with assets to be distributed and the expense associated with the sale, transfer or liquidation of assets. There are approximately 20 real estate properties in the marital estate and the expenses, sales and liquidation costs associated with these properties change daily. Master's Report at 22. The Master found that while the tax ramifications and expenses are unknown at this time, the Husband will ultimately receive any gains or losses associated with the many assets distributed to him in parties' equitable distribution. Master's Report at 22-23. Finally, the eleventh factor was found to favor Wife. This factors concerns which party is the primary custodian of any dependent minor children. The Master found that the Wife had been primary custodian of the parties' remaining minor child since the parties' separation. Master's Report at 23.

It is within a trial court's discretion to decide how heavily to weigh each of the statutory factors. *Mercatell v. Mercatell*, 854 A.2d 609, 612 (Pa. Super. 2004). The facts of each case determine how the court weighs each factor. *Id.* at 611 (citations omitted). There is no presumption that an equitable distribution will yield an equal division of property. *Id.* at 612 (citations omitted). The Court did not find error in the Master's determination, and chose not to disturb it.

In her appeal, Wife first argues that this Court erred in its calculation of the net marital estate. As discussed, *supra,* regarding Husband's similar allegation of errors, the Court finds that this alleged error does not contain the enough specificity to merit a response.

11

Wife's next issue is that the Court erred in finding an increase in the marital value of the Freedom Township property and in determining the amount of that increase in value. Wife believes that Freedom Township property should not have been found to have increased substantially in value during the same period of time when Wheatland Acres was determined to have decreased substantially in value. Because the Divorce Code does not specify a method for the valuation of assets, a court may "accept all, none, or portions of the testimony regarding the true and correct value of property" or may instead use its own method of valuation. *Verholek v. Verholek*, 741 A.2d 792, 796 (Pa. Super. 1999) (citations omitted).

In her Report, the Master explained that the parties did not obtain any professional appraisals for the value of the properties, including Freedom Township and Wheatland Acres. Being so constrained, the Master applied the tax assessment value for the various properties multiplied by the common level ratio factor. Master's Report at 8. Wife argued that the Master should have used the "clean and green" value assigned to the Freedom Township property. Master's Report at 8. The Clean and Green Act was established to allow a preferential tax assessment for landowners whose land is devoted to agricultural use or open spaces. 7 Pa. Code § 137b.1. However, this decrease in assessed value of property applies only for tax purposes. *Sher v. Berks County Bd. of Assessment Appeals*, 940 A.2d 629 (Pa.Cmwlth.2008). If Wife chose to sell the property, she would sell it for the fair market value, not the lesser "clean and green" value. Thus, the Master was correct to use the tax assessment value of the land instead of the lesser "clean and green" value.

Wife next complains that the Court erred by failing to include Husband's non-marital gifts as assets possessed by him. Wife's argument lacks merit. In her analysis of the equitable distribution factors the Master considered that Husband had $22,000 in savings bonds, and she

12

found the third factor to favor Wife based in part on Husband's savings bonds. Master's Report at 19.

The next issue Wife raises on appeal is that the Court erred in finding that there was no testimony regarding marital property set apart to either of the parties, by failing to account for the non-marital property that each party possesses, and by failing to consider this statutory factor when it weighs heavily in Wife's favor. While it is true that the Master did not consider this factor, she did not err in so doing. Master's Report at 21. The Master instead accounted for all of this property in her distribution. Additionally, the Master accounted for the non-marital property in her analysis of the equitable distribution factors, as discussed previously. If the Master erred in failing to consider this factor separately, it was cured by the Master addressing it in her recommended distribution.

Wife's fifth, sixth and eighth matters complained of on appeal concern the debt and taxes associated with Wheatland Acres. Wife argues that tax benefits Husband receives from the Wheatland Acres property plus the constant forbearance status of the property should result in zero debt assigned to that property. Wife argues that the Court should therefore not have included the Wheatland Acres mortgage debt in its calculation of the net estate and that the Court erred when it concluded that Husband will eventually have to pay taxes on the values and losses that he has carried over. Wife further argues that the tax-related equitable distribution factor should not have been weighed in Husband's favor.

When equitably dividing marital property, a trial court must consider the tax liabilities associated with each asset to be divided, regardless of whether those liabilities are "immediate and certain." 23 Pa.C.S. §3502(a)(10.1). In the instant case, then, it was proper for the Master to consider the tax ramifications associated with the assets to be distributed between the parties.

13

Master's Report at 22. The Master found that Husband will eventually have to pay taxes on the assets he has thus far been able to depreciate. Master's Report at 15. Master additionally acknowledged that Husband would incur all tax losses and gains for the sale of all marital assets. Master's Report at 22. The Master had to account for the tax ramifications that Husband would incur without the benefit of expert testimony to provide an estimation of the ramifications. The Master found this equitable division factor to favor Husband, and this Court was within its discretion in not disturbing this finding.

Wife next complains that the Court erred by not awarding Wife reasonable counsel feels and costs and expenses and by stating that spousal support is made for bringing or defending against a lawsuit. While it is true that it is alimony *pendente lite*, not spousal support, that is made for bringing or defending a lawsuit, this scrivener's error is *de minimis*. Wife received $550 per month in spousal support for over five years, which totals more than $30,000.00. Master's Report at 24. The purpose of spousal support is to allow the party receiving support reasonable living expenses. *Krakovsky v. Krakovsky*, 583 A.2d 485, 488 (Pa. Super. 1990).

A trial court has the discretion to award counsel fees, costs and expenses. *Butler v. Butler*, 621 A.2d 659, 667 (Pa. Super. 1993) (citations omitted). The purpose of an award of counsel fees in a divorce action is to promote justice by ensuring that dependent spouse may defend the action without being disadvantaged financially. Counsel fees are awarded on a case-by-case basis. The court considers a variety of factors in making this decision, including "payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution". *Perlberger v. Perlberger*, 626 A.2d 1186, 1206-07 (Pa. Super. 1993). In the instant case, Wife received 65% of the marital estate, which includes a $50,196.00 pre-distributive share and a cash payment of $262,509.00 Due to the amount Wife received in the

14

equitable distribution, the Master found that Wife had the financial resources to pay her own attorney's fees and her portion of the costs and expenses associated with the Master's Hearing. Master's Report at 24. Thus, the Court did not err when it did not award counsel fees, costs and expenses to Wife.

The Wife next complains that the Court failed to require Husband to turn over personal property that she requested. On the contrary, this Court issued an Order on November 7, 2011 which provided an opportunity for Wife to obtain her personal items. Additionally, in its Order of Court revising the Master's Report, this Court indicated that Wife could obtain relief by seeking enforcement of the 2011 Order.

Finally, Wife complains that the Court erred when it failed to consider the income Husband received from his rental properties throughout the duration of this matter. This Court has the discretion to include a grant of rental value of marital property in an equitable distribution order. *Trembach v. Trembach*, 615 A.2d 33, 37 (Pa. Super. 1992) (citations omitted). A court may consider "the contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property". 23 Pa.C.S.A. § 3502(a)(7).

In the instant case, the Court did not award rental value to the Wife because it relied on the Master's valuation of the various marital properties. Additionally, Husband was paying all expenses associated with the marital properties as well as paying on the debts associated with these properties. Husband has reported a loss on the monthly rents of $22,939.00 from 2010 to 2014. Master's Report at 15. Thus, this Court acted within its discretion when it chose not to award Wife rental value for the marital rental properties during the pendency of this matter.

15

Therefore, for all the reasons stated herein, it is respectfully requested that the Divorce Decree dated May 23, 2016 be affirmed.

BY THE COURT:

DATE: August 19, 2016

Christina M. Simpson
**Judge**

16